Certiorari Denied, June 29, 2012, No. 33,651

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2012-NMCA-071

Filing Date: May 1, 2012

Docket No. 30,764

JONATHAN MADRID,

Plaintiff-Appellant,

v.

VILLAGE OF CHAMA,

Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY
Sheri A. Raphaelson, District Judge

Serra & Garrity, P.C.
Diane Garrity
Santa Fe, NM

for Appellant

Scheuer, Yost & Patterson, P.C.
Tony F. Ortiz
Kristin L. Davidson
Santa Fe, NM

for Appellee

OPINION

VANZI, Judge.

{1}     Plaintiff Jonathan Madrid appeals from a district court order granting a motion to dismiss in favor of Defendant Village of Chama (the Village). We address two issues on appeal: (1) whether Madrid was required to appeal the Village's administrative decision terminating his employment by petitioning the district court for a writ of certiorari and (2)

1

whether the district court erred when it concluded that Madrid failed to state a claim on which relief could be granted because the Village's employee handbook, Village of Chama, N.M., Personnel Policies 1999-01 (the Ordinance), clearly stated that it did not create an implied contract. We reverse. We hold that Madrid was not required to petition the district court for a writ of certiorari. Thus, Madrid's failure to timely appeal the decision pursuant to Rule 1-075(D) NMRA was not a jurisdictional defect requiring dismissal. We further hold that the district court erred in granting the Village's Rule 1-012(B)(6) NMRA motion for failure to state a claim. Finally, we clarify that our courts should not evaluate motions to dismiss for failure to state a claim in accordance with the United States Supreme Court's interpretation of the Federal Rules of Civil Procedure.

## BACKGROUND

**{2}** Plaintiff was discharged from his employment with the Village on July 15, 2009. Proceeding under Article IX, Section 9.140 of the Ordinance, Madrid filed a request for a post-termination (appeal) hearing in order to contest the allegations that led to his termination. The appeal hearing was scheduled for July 22, 2009, and Madrid's appeal was listed as an agenda item for the meeting. During the meeting, the Village Council attempted to change the appeal hearing to a pre-termination hearing. The next day, the Mayor issued a letter stating that Madrid was terminated at that time even though Madrid had been terminated since July 15, 2009, and had not received any income from the Village since that date.

**{3}** Madrid timely appealed the July 23, 2009 termination decision and, on September 8, 2009, the Council conducted a post-termination hearing. After a full vote by the Village Council with the Mayor present, Madrid was fired from his position. Pursuant to the Ordinance, the Village was required to inform Madrid of its final decision in writing within fourteen days. Village of Chama, N.M., Personnel Policies 1999-01, art. IX, § 9.140(iv). On October 13, 2009, more than a month after the appeal hearing, the Mayor signed the letter notifying Madrid of the Village's decision to terminate his employment.

**{4}** Madrid filed a complaint in district court on December 9, 2009, seeking damages for breach of implied contract, breach of the covenant of good faith and fair dealing, and wrongful discharge. Specifically, Madrid stated that he was fired from his position with the Village without just cause and that the Village had breached its contract with him. On January 11, 2010, the Village filed a motion to dismiss the complaint pursuant to Rules 1-012(B)(6) and 1-075(D), (P)(1). The district court granted the Village's motion without a hearing and entered its order on March 11, 2010. The district court found that Madrid failed to state a claim for which relief could be granted because the Ordinance did not create an implied contract. Madrid filed a motion for reconsideration that was also denied by written order without a hearing. Madrid now appeals the dismissal of his claims for breach of implied contract and breach of the covenant of good faith and fair dealing.

## DISCUSSION

**{5}** In this case, the Village based its motion to dismiss Madrid's complaint in the district court on Rules 1-075 and 1-012(B)(6). Under Rule 1-075, when appeals arise out of

2

administrative proceedings, the district court takes up the issues under its appellate jurisdiction. The proper procedure to appeal such decisions is to petition the district court for a writ of certiorari within thirty days of the agency's written decision. Rule 1-075(D). The district court here did not address the Village's Rule 1-075 argument in its order of dismissal. However, whether the Village's decision was reviewable only by a writ of certiorari and whether the district court lacked jurisdiction to hear Madrid's claims brought in an original complaint are questions we must answer in the first instance. We address this issue first because appeals from courts that lack subject matter jurisdiction will confer no jurisdiction on this Court. *State Human Rights Comm'n v. Accurate Mach. & Tool Co.*, 2010-NMCA-107, ¶ 4, 149 N.M. 119, 245 P.3d 63, *cert. denied*, 2010-NMCERT-010, 149 N.M. 64, 243 P.3d 1146. Once we have decided the jurisdictional question, we then consider Madrid's argument that the district court erred in granting the Village's motion to dismiss for failure to state a claim.

**Subject Matter Jurisdiction Pursuant to Rule 1-075**

{6}      Whether the district court possessed jurisdiction over the subject matter of a case is a question of law that we review de novo. *State Human Rights Comm'n*, 2010-NMCA-107, ¶ 4.

{7}      The Village argued below, as it does here, that the sole procedure available to Madrid in this case was to appeal his termination decision by petitioning the district court for a writ of certiorari, that he did not do so within thirty days of the written notice of termination as required by Rule 1-075(D), and that he therefore failed to perfect a timely appeal. As a result, the Village contends that the district court lacked subject matter jurisdiction to consider Madrid's complaint as a threshold matter. For the reasons that follow, we disagree.

{8}      The Village relies on *Zamora v. Village of Ruidoso Downs*, 120 N.M. 778, 780, 907 P.2d 182, 184 (1995), for the proposition that an agency's termination decision is reviewable at the district court only by writ of certiorari. In that case, the plaintiff was injured in a non-work-related accident and took a six-month disability leave without pay. *Id.* After receiving a partial medical release, the plaintiff requested to be assigned to light duty, but the mayor refused until the plaintiff received a full medical release. *Id.* The plaintiff did not obtain a full release and was ultimately terminated. *Id.* at 780, 781-82, 907 P.2d at 184, 185-86. The board of trustees heard the plaintiff's appeal and upheld the mayor's decision to terminate the plaintiff's employment. *Id.* at 781-82, 907 P.2d at 185-86. The plaintiff filed a complaint in district court for breach of employment contract and wrongful termination, alleging that the village of Ruidoso's ordinance required the village to assign him to light-duty work. *Id.* at 780, 907 P.2d at 184. The New Mexico Supreme Court held that the district court correctly dismissed the plaintiff's complaint because the only procedure available to the plaintiff to appeal the village's personnel decision was to petition the district court for a writ of certiorari. *Id.* at 786, 907 P.2d at 190.

{9}      We conclude that *Zamora* is distinguishable from this case. In *Zamora*, the plaintiff's complaint asserted that the Village of Ruidoso Downs refused to assign him to light-duty work in contravention of the ordinance's requirements. *Id.* at 780, 907 P.2d at 184. Our Supreme Court concluded that the plaintiff's argument was essentially an appeal

3

of a question already considered by the board—that the plaintiff was properly terminated under the ordinance because he had not received a full medical release to return to work. *Id.* at 781-82, 907 P.2d at 185-86. Therefore, the procedure for the plaintiff to appeal the board's administrative decision was to petition the district court for a writ of certiorari. *Id.* at 786, 907 P.2d at 190. There is nothing in *Zamora* that suggests the plaintiff was pursuing only an award of damages. Here, although Madrid exhausted his administrative remedies, he is not appealing the Village's decision, and he is not seeking reinstatement to his position as a street supervisor for the Village. In our view, this distinction is dispositive because Madrid filed suit seeking only monetary damages as a result the Village's alleged wrongful action. The Village presents no persuasive argument or authority for its contention that an aggrieved employee, who has exhausted his administrative remedies, is prohibited from bringing a common law action for damages by filing a complaint in district court. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

**{10}** The Village also cites to *Barreras v. State of New Mexico Corr. Dep't*, 2003-NMCA-027, ¶ 2, 133 N.M. 313, 62 P.3d 770, in which we considered whether the Legislature intended the State Personnel Act (SPA), NMSA 1978, §§ 10-9-1 to -25 (1961, as amended through 2009), to be the exclusive remedy for state employees alleging contract claims based on rights created in the SPA. In that case, the central question before us was whether an aggrieved employee who wished to enforce his rights under the SPA could bypass the administrative procedure and remedies set forth in the SPA and proceed directly to district court on a theory of implied contract. *Barreras*, 2003-NMCA-027, ¶ 7. *Barreras* is also distinguishable. Here, Madrid did not attempt to bypass the administrative procedure set forth in the Ordinance altogether. In fact, Madrid timely exhausted all his remedies before the Village Council prior to filing his complaint in district court.

**{11}** Further, to the extent that the Village relies on *Barreras* for the proposition that Madrid was limited to pursuing his remedies under the Ordinance, we are not persuaded. In *Barreras*, we determined that the SPA did not contain express language that its remedies were exclusive and, therefore, we had to "assess several factors in determining whether the [SPA]'s administrative remedies prevail over a direct civil action for damages." *Id.* ¶ 11. Ultimately, this Court held that the SPA, including the remedies available, was sufficiently comprehensive to require that appellants proceed before the state personnel board in lieu of a direct action in district court. *Id.* ¶¶ 12-13. Unlike the SPA at issue in *Barreras*, the Ordinance in this case is neither comprehensive nor specific. Although it provides a procedure for review of termination decisions, the Ordinance does not state what administrative remedies are afforded to an aggrieved employee, and it contains no express language that the remedies are or are not exclusive. For example, there is nothing in the Ordinance that authorizes an aggrieved employee to seek modification of an adverse employment action, including reinstatement and back pay, and it does not specifically prohibit a direct civil action in district court. *See id.* ¶¶ 14, 19. Also, in contrast to an action in court in which a successful claimant for breach of implied contract may win compensatory damages, *see id.* ¶ 14, the Ordinance here does not empower the Village to award any damages to an aggrieved employee. Accordingly, we conclude that Madrid cannot be required to appeal a nonexistent remedy in this case, and he is not foreclosed from bringing a direct action for damages against the Village. We hold that the district court did not lack

4

subject matter jurisdiction over Madrid's complaint under Rule 1-075, and Madrid's complaint was therefore not untimely. We now turn to the district court's ruling on the Village's motion to dismiss under Rule 1-012(B)(6).

**The District Court Erred in Granting Dismissal Pursuant to Rule 1-012(B)(6)**

**{12}**    We review motions to dismiss a complaint for failure to state a claim under Rule 1-012(B)(6) de novo. *Healthsource, Inc. v. X-Ray Assocs. of N.M., P.C.*, 2005-NMCA-097, ¶ 16, 138 N.M. 70, 116 P.3d 861.

**{13}**    In his complaint, Madrid alleged that the personnel policies in the Ordinance, along with the handbook, memoranda, letters, forms, and other documents constituted an implied contract that the Village breached. The Village concedes that our Supreme Court has recognized that an employee handbook can create an implied contract. *See Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 427, 773 P.2d 1231, 1234 (1989) (stating that "[u]nder New Mexico law, a personnel manual gives rise to an implied contract if it controlled the employer-employee relationship and an employee could reasonably expect his employer to conform to the procedures it outlined" ). The Village argues, however, that in this case, the Ordinance does not create an implied contract as a matter of law. Article I, Section 1.100 of the Ordinance states:

> The Village's current employment policies shall not be construed as a contract, implied or otherwise. The Village reserves the right to amend, delete, supplement, or rescind any of the provisions of this manual, as the Village deems necessary and appropriate. These policies shall not be construed to create contractual rights or any type of promise or guarantee of specific treatment upon which any employee may rely.

**{14}**    Relying on our Supreme Court's decision in *Lukoski v. Sandia Indian Mgmt. Co.*, the Village contends that the Ordinance could not have created an implied contract because it "'clearly and conspicuously' advised employees that the . . . Ordinance is not a contract." *See* 106 N.M. 664, 666, 748 P.2d 507, 509 (1988) (noting that "[e]mployers are certainly free to issue no personnel manual at all or to issue a personnel manual that clearly and conspicuously tells their employees that the manual is not part of the employment contract" (internal quotation marks and citation omitted)). Therefore, according to the Village, Madrid's claim must necessarily be dismissed. The district court agreed and noted that "[n]o matter how much the actions of the [Village] may [reek] of favoritism, or be based on actions other than reward of merit and intolerance of the opposite, [Madrid's] claims are based on breach of contract, not a review of the propriety of the process below, and there is no contract." We disagree with both the district court and the Village.

**{15}**    As Madrid correctly points out, our appellate Courts in *Beggs v. City of Portales*, 2009-NMSC-023, ¶ 20, 146 N.M. 372, 210 P.3d 798, and *West v. Washington Tru Solutions, LLC*, 2010-NMCA-001, ¶¶ 17-18, 147 N.M. 424, 224 P.3d 651, have held that an implied contract may exist even where a personnel manual disclaims any intention of forming a contractual obligation. The Village counters that *Beggs* and *West* are distinguishable because they "involve circumstances where an employer's repetitious oral representations

5

and conduct, in addition to employment manuals, induced a reasonable reliance by the employee." The Village's assertion misses the point. Those cases were both decided at the summary judgment stage. Here, we must only decide whether Madrid's complaint contains sufficient allegations to give the Village fair notice of the claims asserted so that the Village could adequately respond to the complaint. Consequently, the notice requirement is met if Madrid's complaint informs the Village of the incident giving rise to the claim and of the claim's general nature.

**{16}** Before we turn to the specifics of whether Madrid's complaint failed to state a claim upon which relief could be granted under Rule 1-012(B)(6), we first address the Village's argument that this Court should evaluate its motion in accordance with the United States Supreme Court's recently revised dismissal standard under Federal Rule of Civil Procedure 12(b)(6), discussed in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Quoting *Twombly* extensively, the U.S. Supreme Court in *Iqbal* defined the federal standard for a motion to dismiss as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). In short, under *Iqbal*, courts must first identify those allegations that "are not entitled to the assumption of truth," and then they must "consider the factual allegations . . . to determine if they plausibly suggest an entitlement to relief." *Id.* at 680-81. The Village encourages this Court to similarly construe New Mexico Rule of Civil Procedure 1-012(B)(6). We decline to do so.

**{17}** The plausibility standard created by the two U.S. Supreme Court cases adds a determination of likelihood of success on the merits so that a trial judge can dismiss a claim, even where the law does provide a remedy, if that judge does not believe it is plausible the claim will succeed. New Mexico is a notice-pleading state, requiring only that the plaintiff allege facts sufficient to put the defendant on notice of his claims. Rule 1-008(A) NMRA; *Schmitz v. Smentowski*, 109 N.M. 386, 389-90, 785 P.2d 726, 729-30 (1990). As a result, our appellate courts have never required trial courts to consider the merits of a plaintiff's allegations when deciding a motion to dismiss, and we see no justification for requiring such technical forms of pleadings now. Moreover, the Village provides no argument or support for its position that New Mexico should incorporate the new federal standard into our state rules. Accordingly, we reject any invitation to depart from the following well-established standard for reviewing a motion to dismiss in state court.

**{18}** In considering a motion to dismiss under the New Mexico Rules of Civil Procedure, we test "the legal sufficiency of the complaint, not the factual allegations of the pleadings

6

which, for purposes of ruling on the motion, the court must accept as true." *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 2, 134 N.M. 43, 73 P.3d 181 (internal quotation marks and citation omitted). Dismissal under Rule 1-012(B)(6) is appropriate only if the non-moving party is "not entitled to recover under any theory of the facts alleged in their complaint." *Delfino v. Griffo*, 2011-NMSC-015, ¶ 12, 150 N.M. 97, 257 P.3d 917 (internal quotation marks and citation omitted). Moreover, on review, "we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of sufficiency of the complaint." *Id.* ¶ 9 (internal quotation marks and citation omitted). The purpose of our rule "is to test the law of the claim, not the facts that support it." *Envtl. Improvement Div. v. Aguayo*, 99 N.M. 497, 499, 660 P.2d 587, 589 (1983). With this standard, we now turn to Madrid's complaint to determine whether the Village has met its burden and shown that Madrid's complaint fails to state any set of facts that would entitle him to relief.

**{19}** In this case, Madrid's fourteen-page complaint provided a detailed account of the facts leading up to and including his termination. Based on those core factual allegations, count one of the complaint specifically alleged that the Ordinance, handbook, memoranda, letters, forms, and other documents setting forth reasons for just cause termination established an implied contract between Madrid and the Village and that the Village breached that contract by failing to outline the disciplinary offenses listed in the Ordinance warning employees that discipline could be sought if the infractions were proved. Madrid's complaint further stated that the Village breached its contract (1) by failing to conduct an impartial investigation on July 12, 2009; (2) by failing to conduct a pre-termination hearing in accordance with the Ordinance; (3) by failing to conduct a post-termination hearing in accordance with the Ordinance; (4) by allowing the Mayor to attend the post-termination hearing; and (5) by issuing the final termination letter more than 14 days after the post termination hearing. Count two of the complaint asserted that the implied contract between Madrid and the Village contains an express or implied covenant of good faith and fair dealing and that Madrid was denied the "right to receive the benefit of [the] implied contract with the Village due to the Village's failure to follow [the O]rdinance." Taking these well-pleaded facts as true and construing them in a light most favorable to Madrid, we conclude that Madrid's complaint states a claim for breach of implied contract and breach of the covenant of good faith and fair dealing upon which relief may be granted. The complaint sets forth detailed factual allegations of the incidents giving rise to Madrid's claims and gives the Village adequate notice of the legal claims asserted against it. The district court's dismissal of the complaint with prejudice was in error, and its decision is reversed.

**CONCLUSION**

**{20}** For the reasons set forth above, we hold that Madrid was not required to appeal his termination pursuant to Rule 1-075(D), and we reverse the decision of the district court dismissing Madrid's complaint for failure to state a claim under Rule 1-012(B)(6).

**{21}** **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

7

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**


_____
**CYNTHIA A. FRY, Judge**

**Topic Index for _Madrid v. Village of Chama_, Docket No. 30,764**

**APPEAL AND ERROR**
Certiorari
Standard of Review

**CIVIL PROCEDURE**
Failure to State a Claim
Motion to Dismiss
Pleadings
Time Limitations

**CONTRACTS**
Breach
Covenant of Good Faith and Fair Dealing
Implied Contract

**EMPLOYMENT LAW**
Employee Grievances
Employment Contract
Termination of Employment

**FEDERAL LAW**
Procedure

**JURISDICTION**
Subject Matter

**REMEDIES**
Compensatory Damages
Exclusive Remedy