2002-NMSC-006

42 P.3d 1219

**In the Matter of the Proposed Merger of QWEST COMMUNICATIONS INTERNATIONAL, INC. and U.S. West, Inc.**

**Attorney General of the State of New Mexico, Appellant,**

v.

**New Mexico Public Regulation Commission, Appellee,**

and

**Qwest Corporation, Qwest Communications Corporation, LCI International Telecom Corporation, USLD Communications, Inc., and Phoenix Network, Inc., Intervenors.**

No. 26,298.

Supreme Court of New Mexico.

March 6, 2002.

Patricia A. Madrid, Attorney General, Peter Breen, Assistant Attorney General, David E. Mittle, Assistant Attorney General, Santa Fe, NM, for Appellant.

Margaret Caffey–Moquin, Associate General Counsel, Santa Fe, NM, for Appellee.

Montgomery & Andrews, P.A., Thomas W. Olson, Sarah M. Singleton, Andrew S. Montgomery, Santa Fe, NM, for Intervenors.

*OPINION*

FRANCHINI, Justice.

{1} Appellant Attorney General appeals a Final Order of the New Mexico Public

Regulation Commission ("the Commission") declaring that the Commission lacked jurisdiction to approve or disapprove a merger between U.S. West Communications, Inc. ("US West") and Qwest Communications International, Inc. ("Qwest"). Among other claims on appeal, Appellant argues that the Commission erred in determining that it lacks regulatory authority over the merger. Based on the absence of any statutory provision specifically granting the Commission regulatory authority over telecommunication mergers, we affirm the Commission's order.

## I. FACTS AND PROCEDURE

{2} In 1999, U.S. West and various subsidiaries of Qwest filed a Joint Application and Supplemental Statement with the Commission, seeking an Order declaring that the Commission had no jurisdiction over the merger between U.S. West and Qwest or, alternatively, approving the merger. On February 1, 2000, the Commission entered its Final Order, disclaiming jurisdiction over the merger, but reserving the right to require U.S. West and the Qwest subsidiaries to file a report detailing the merger's benefits. Appellant filed a motion for rehearing, which was rejected, and then filed notice of appeal with this Court, pursuant to NMSA 1978, § 63–9A–14.

■ {3} Appellant argues that the procedures utilized by the Commission in making its determination were inadequate, unfair, arbitrary and capricious, and in violation of due process. Appellant also argues that there was not substantial evidence to support the Final Order. Finally, Appellant asserts that the Commission had jurisdiction over the merger. Appellee and Intervenors counter that the Commission correctly determined that it lacked jurisdiction over this matter, and that Appellant's remaining arguments are therefore moot. When reviewing the Commission's jurisdictional determination, "we conduct a de novo review, giving little deference to the [Commission's determination]." *Southern Union Gas Co. v. New Mexico Pub. Util. Comm'n,* 1997–NMSC–056, ¶ 5, 124 N.M. 176, 947 P.2d 133.

## II. WHETHER THE COMMISSION HAD JURISDICTION OVER THE MERGER

■ {4} The New Mexico Constitution invests the Commission with the duty to regulate, among other public service companies, "transmission and pipeline companies, including telephone, telegraph and information transmission companies...." N.M. Const. art XI, § 2. Under that same provision, the scope of the Commission's regulatory authority is limited to "such manner as the legislature shall provide." *Id.* With regard to telecommunications, the New Mexico Telecommunications Act, NMSA 1978, §§ 63–9A–1 to –20 ("the Act") provides the commission with broad authority to require and grant certificates of public convenience and necessity, NMSA 1978, § 63–9A–6, and to regulate rates, charges, and service conditions, NMSA 1978, §§ 63–9A–8, –9. Neither the Act, nor any other relevant statute, however, provides the Commission with any authority over the mergers of telecommunication companies or their holding companies. Without any such legislative provision, the Commission correctly disclaimed jurisdiction over the merger between U.S. West and Qwest. Because the Commission had no jurisdiction to review the merger, we do not address Appellant's arguments regarding the propriety of the proceeding. *See Southern Union Gas Co.,* 1997–NMSC–056, ¶ 1, 124 N.M. 176, 947 P.2d 133 (stating that the Court's holding that the Commission did not have jurisdiction over a particular controversy "render[ed] resolution of all other appellate issues unnecessary").

■ {5} The legislature's decision not to include the authority to affect and oversee telecommunication company mergers among the powers of the Commission disposes of this matter. Accordingly, despite extensive briefing on the subject from all parties, we do not reach the issue of whether the Commission has jurisdiction over the holding companies of telecommunication service providers. Furthermore, we agree with Appellant and Appellee that the Public Utilities Act does not apply to telecommunication services.

{6} Our holding today in no way diminishes the broad authority of the Commission to regulate telecommunication rates and services. Pursuant to the aforementioned statutory authority, the Commission reserved its right to "investigate the effects of the merger upon U.S. West and the Qwest subsidiaries, place conditions on U.S. West's [certificate of convenience and necessity], or undertake other appropriate measures necessary to ensure that the merger does not result in adverse consequences to U.S. West's New Mexico customers, and that those customers continue to receive adequate service." Thus, the Commission correctly recognized that while the Act does not empower it to oversee the acquisitions of telecommunication companies, any potential effect of such an acquisition on New Mexico will be subject to the Commission's regulatory authority.

## III. CONCLUSION

{7} The Commission's Final Order is affirmed.

{8} **IT IS SO ORDERED.**

WE CONCUR: PATRICIO M. SERNA, Chief Justice, JOSEPH F. BACA, Justice, PAMELA B. MINZNER, Justice, and PETRA JIMENEZ MAES, Justice.