**Certiorari Denied, October 20, 2010, No. 32,617**

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2010-NMCA-107**

**Filing Date: August 25, 2010**

**Docket No. 29,003**

**STATE OF NEW MEXICO
HUMAN RIGHTS COMMISSION**,

    **Petitioner-Appellee,**

**In the Matter of SANDRA BANKSTON**,

    **Claimant,**

**v.**

**ACCURATE MACHINE & TOOL
CO., INC.**,

    **Respondent-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Theresa Baca, District Judge**

Gary K. King, Attorney General
Tania Maestas, Assistant Attorney General
Stephen A. Vigil, Assistant Attorney General
Santa Fe, NM

for Appellee

Dubois, Cooksey & Bischoff, P.A.
William J. Cooksey
Albuquerque, NM

Wagner, Ford & Associates, P.A.
Kenneth R. Wagner
L. Helen Bennett
Albuquerque, NM

1

for Appellant

Geer, Wissel & Levy, P.A.
Jane C. Levy
Robert D. Levy
Albuquerque, NM

for Claimant Amicus Curiae

**OPINION**

**ROBLES, Judge.**

**{1}**     Accurate Machine & Tool Co., Inc. (Accurate) appeals the district court's order enforcing a judgment from the Human Rights Commission (HRC), awarding Sandra Bankston (Claimant) $63,657.05 for discrimination claims based on sexual harassment and retaliation. Accurate argues that the HRC lacked subject matter jurisdiction when it entered its judgment, and it was therefore improper for the district court to enforce the HRC's determination. Accurate also argues that the HRC conducted a "one[-]sided" and "cursory" investigation. We affirm.

## I.     BACKGROUND

**{2}**     Claimant filed her complaint with the HRC against Accurate on October 7, 2005, alleging sexual harassment and retaliation. The HRC issued a written complaint, which was served on Accurate on September 28, 2006, with hearing dates set for October 11 and 12, 2006. NMSA 1978, § 28-1-10(F) (2005) ("[T]he commission shall issue a written complaint in its own name against the respondent [which] shall set forth the alleged discriminatory practice [and] shall require the respondent to answer the allegations of the complaint at a hearing . . . not . . . more than fifteen or less than ten days after service of the complaint."). The hearing dates were later rescheduled for October 23 and 24, 2006. Although this Court does not have a record of the HRC hearings, it appears that, on October 23, 2006, at the first hearing, Accurate argued that the HRC had lost subject matter jurisdiction to hear the complaint because the hearing was taking place outside of the statutorily required fifteen days within which a hearing must be held following the service of a complaint. *Id.* The hearing officer disagreed and continued the hearing. On July 16, 2007, the HRC issued a written final order that concluded that Claimant had proved, by a preponderance of the evidence, that Accurate had violated NMSA 1978, Section 28-1-7 (2004). Claimant was awarded damages and attorney fees in the amount of $63,657.05. Accurate did not appeal and did not pay Claimant.

**{3}**     By May 9, 2008, Accurate had not complied with HRC's judgment. Claimant sought assistance through the Secretary of Labor who, in turn, requested that the Attorney General's

2

Office secure enforcement of the HRC's decision in district court. NMSA 1978, § 28-1-12 (1987) ("If a respondent to a complaint filed pursuant to the Human Rights Act . . . is not complying with an order of the commission, the attorney general . . . at the request of the secretary, shall secure enforcement of the commission's order by a district court. The proceeding shall be initiated by the filing of a petition in the district court[.]" (citation omitted)). Following the filing of a petition to enforce the HRC's order, the district court held a hearing during which the merits of the petition were argued by the Attorney General's Office and Accurate. Accurate argued that subject matter jurisdiction can be raised collaterally at any time. The district court granted the petition to enforce the HRC's order. This appeal followed.

## II.      DISCUSSION

### A.      Subject Matter Jurisdiction

**{4}**      The question of subject matter jurisdiction does not require preservation. *See* Rule 12-216(B) NMRA. This Court determines de novo whether an agency has subject matter jurisdiction of a case and personal jurisdiction over parties. *Citizen Action v. Sandia Corp.*, 2008-NMCA-031, ¶ 12, 143 N.M. 620, 179 P.3d 1228. Appeals from courts or agencies that lack subject matter jurisdiction will confer no jurisdiction on this Court. *Id.* ¶ 13.

**{5}**      On appeal, Accurate argues that, by holding the hearing outside of the statutorily required fifteen days after being served with the complaint, the HRC lacked subject matter jurisdiction to hear Claimant's complaint in the first instance. *See* § 28-1-10(F). It is, therefore, Accurate's position that failure to comply with the mandatory statutory requirements was a jurisdictional bar to Claimant's action and, citing *Lopez v. New Mexico Board of Medical Examiners*, 107 N.M. 145, 754 P.2d 522 (1988), Accurate argues that the HRC's decision was void and that its enforcement must be reversed. Finally, Accurate states that because the challenge is to the subject matter jurisdiction of the HRC, this issue may appropriately be brought in a collateral proceeding. We disagree.

**{6}**      In *Lopez*, the question before our Supreme Court was whether the statutorily allotted amount of time given for an administrative agency to render a decision was jurisdictional or procedural. *Id.* at 146-47, 754 P.2d at 523-24. After examining the plain language of the controlling statute, our Supreme Court concluded that the language was jurisdictional and, therefore, the agency's decision was void. *Id.* at 147, 754 P.2d at 524; *but see N.M. Dep't of Health v. Compton*, 2000-NMCA-078, ¶ 12, 129 N.M. 474, 10 P.3d 153 (noting that some mandatory statutory time limitations are not jurisdictional, but rather are intended to promote expeditious review); *Redman v. Bd. of Regents*, 102 N.M. 234, 238-39, 693 P.2d 1266, 1270-71 (Ct. App. 1984) (same). However, *Lopez* involved direct appeals from an agency's determination. 107 N.M. 145, 754 P.2d 522. In the instant case, we conclude that before the merits of Accurate's arguments may be reached, this Court must examine the ramifications of challenges to subject matter jurisdiction in collateral proceedings.

**{7}**      Collateral attacks are efforts to defeat judgments, their force, or their effects in an incidental proceeding not provided by law for the express purpose of attacking the judgment.

*See State ex rel. Children, Youth & Families Dep't v. Andree G.*, 2007-NMCA-156, ¶ 19, 143 N.M. 195, 174 P.3d 531. Accurate appears to be making two arguments supporting its position that the present appeal is not a collateral attack. On the one hand, Accurate argues that an order from the HRC is not self-executing, that the statutory framework provides for two types of direct appeal to district court, and that the present case is one of those types of direct appeal. On the other hand, Accurate appears to argue, in the alternative, that although collateral attacks on subject matter jurisdiction are generally not permissible, if this Court determines that Accurate's challenge to the HRC's order is a collateral attack, such an attack would be permissible in the present case because it falls within a recognized exception. We address both contentions.

**1.      The Present Case is not a Direct Appeal**

**{8}**      Accurate acknowledges that it did not appeal the HRC's order of July 16, 2007, awarding Claimant money for damages and attorney fees. Accurate contends, however, that "[t]he HRA provides for two avenues of direct appeal." The first is NMSA 1978, Section 28-1-13 (2005), which requires the filing of the notice of appeal within ninety days of the entry of the HRC's order, and the second is the enforcement proceeding of Section 28-1-12. We consider the provisions of each statute.

**{9}**      Section 28-1-13 provides, in pertinent part:

> A person aggrieved by an order of the [HRC] may obtain a trial de novo in the district court of the county where the discriminatory practice occurred or where the respondent does business by filing a notice of appeal within ninety days from the date of service of the commission's order.

Section 28-1-13(A). This statute clearly contemplates that an aggrieved party, not a prevailing party, may appeal from the HRC's order if the party so desires. In this case, Accurate was the aggrieved party and, for whatever reason, it elected not to appeal.

**{10}**      The relevant part of Section 28-1-12 provides:

> If a respondent to a complaint filed pursuant to the [HRA] is not complying with an order of the commission, the attorney general or district attorney, at the request of the secretary, shall secure enforcement of the commission's order by a district court.

This statute contemplates that the prevailing party may seek assistance in obtaining enforcement of an HRC order if the respondent fails to comply with the order. This is precisely what happened in the present case—the Attorney General's Office sought enforcement on Claimant's behalf in district court.

**{11}**      Accurate's chain of logic posits that Section 28-1-13 is permissive and not mandatory, ostensibly because an aggrieved party may or may not appeal an adverse order and, in the absence of a direct appeal, if an enforcement petition is filed in district court

4

under Section 28-1-12, the district court would have the "discretion [to] make an order to decree enforcement of the order of the [HRC]." Therefore, Accurate maintains, if the district court has the discretion to enforce the HRC's order, the Legislature must have intended to give the district court the power to entertain challenges to the HRC's subject matter jurisdiction as part of an enforcement action, which is the same power the court would have if the aggrieved party had appealed under Section 28-1-13. We disagree with Accurate.

**{12}**     Accurate cites no case law that directly supports this proposition. When a party cites no authority for a proposition, we assume that, after a diligent search, it was unable to find authority for support. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (holding that issues raised in appellate briefs that are unsupported by cited authority need not be reviewed on appeal). Accurate does not direct this Court to an analogous administrative statutory scheme, whereby direct appeals may be obtained by no action on the part of the aggrieved party. *See* Rule 12-213(A)(4) NMRA (stating that briefs submitted to this Court "shall contain a statement of the applicable standard of review, the contentions of the appellant *and a statement explaining how the issue was preserved in the court below*, with citations to authorities, record proper, transcript of proceedings or exhibits relied on" (emphasis added)). Accurate's argument essentially makes the provisions of Section 28-1-13 superfluous to Section 28-1-12. *See In re Adjustments to Franchise Fees*, 2000-NMSC-035, ¶ 14, 129 N.M. 787, 14 P.3d 525 (stating that statutes must be interpreted, so that no part is rendered "surplusage or superfluous" (internal quotation marks and citation omitted)). Accurate fails to explain why there would be a need for a statutory provision that provides for direct appeal when waiting would likewise perfect an appeal. Under this view, an aggrieved party could simply ignore an adverse HRC order, decline to appeal from it, and hope that the prevailing party did not seek to enforce the order. Then, if the prevailing party did seek enforcement, the aggrieved party could have a second bite at the apple and assert all the errors it perceived at the HRC proceeding.

**{13}**     Such an interpretation would also run counter to our rules that provide the procedures for administrative appeals. Rule 1-074(B)(2) NMRA provides specifically that appeals from the HRA are governed exclusively by Rule 1-076 NMRA. The provisions of Rule 1-076 do not suggest that an aggrieved party is entitled to a direct appeal by simply waiting for an enforcement action. On the contrary, Rule 1-076(D) provides that appeals must be taken within ninety days and Rule 1-076(B) and (L) provide that the appeal is taken by the aggrieved party not the prevailing party. We conclude that Accurate's waiting of nearly a year without taking any action to enforce an existing judgment is not a direct appeal and, therefore, the petition to enforce the HRC's order filed in district court was a collateral proceeding.

## 2.     Accurate's Collateral Attack is not Permissible

**{14}**     In *Andree G.*, we held that, where a party had the ability to challenge subject matter jurisdiction in the original action, no attack on the final judgment may be made in a collateral matter. 2007-NMCA-156, ¶ 20; *see Thoma v. Thoma*, 1997-NMCA-016, ¶ 16, 123 N.M. 137, 934 P.2d 1066 (filed 1996) (holding that a judgment that may be erroneous and barred by claim preclusion must be challenged on appeal and cannot be attacked collaterally in

another proceeding and in another court); *see also Cordova v. Larsen*, 2004-NMCA-087, ¶ 15, 136 N.M. 87, 94 P.3d 830 (holding that "[a] party that has had an opportunity to litigate the question of subject-matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment" (alterations in original) (internal quotation marks and citation omitted)). "In such a case, the litigant had the opportunity to raise the jurisdictional issue in the initial litigation and slept on that opportunity." *Andree G.*, 2007-NMCA-156, ¶ 20 (internal quotation marks and citation omitted). However, citing Restatement (Second) of Judgments § 12 (1982), we did recognize three exceptions where a final judgment would not preclude a collateral attack on subject matter jurisdiction.

> (1)      The subject matter of the action was so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority; or
>
> (2)      Allowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government; or
>
> (3)      The judgment was rendered by a court lacking capability to make an adequately informed determination of a question concerning its own jurisdiction and as a matter of procedural fairness the party seeking to avoid the judgment should have opportunity belatedly to attack the court's subject matter jurisdiction.

*Andree G.*, 2007-NMCA-156, ¶ 21.

**{15}**      Accurate argues that the immediate case falls within the third exception articulated in the Restatement (Second) of Judgments § 12 and recognized in *Andree G*. Accurate's argument is that hearing officers lack the capability to make adequately informed determinations of their own jurisdiction, and the question of whether an administrative agency has jurisdiction over parties or subject matter in a given case is a question of law. Finally, Accurate notes that when an appellate court reviews an agency's determination of jurisdiction, little deference is given to the agency's conclusion, and the standard of review is de novo. *In re Qwest Commc'ns Int'l, Inc.*, 2002-NMSC-006, ¶ 3, 131 N.M. 770, 42 P.3d 1219. The crux of the third exception to the bar against collaterally attacking subject matter jurisdiction is that out of procedural fairness, a party should be allowed to belatedly attack the original and erroneous jurisdictional determination. Accurate had that opportunity. After making subject matter jurisdiction arguments to the hearing officer, Accurate was entitled to appeal to the district court, but failed to do so. *See* § 28-1-13(A) (allowing ninety days from the date of service of the commission's order for filing notice of appeal). The Restatement (Second) of Judgments § 12 cmt. e. further emphasizes this point.

> The policies favoring finality over validity presuppose that fair opportunity is available to contest subject matter jurisdiction in the court whose jurisdiction is in question. . . . Generally, the rules also afford opportunity for appellate review, through extraordinary writ if not otherwise, of the first instance court's determination of its subject matter jurisdiction.

6

**{16}** The focus of the third exception pertains to procedural facilities that are not always provided in courts of limited jurisdiction. "Their rules of procedure sometimes make appellate review difficult or burdensome." *Id.* It is therefore when "[t]he opportunity to challenge subject matter jurisdiction in such a forum may . . . be inadequate" that a subsequent collateral attack on a judgment "may . . . be permitted." *Id.* In the case at bar, we fail to see how the HRC's determination regarding subject matter jurisdiction foreclosed Accurate from raising the issue on appellate review, such that the only alternative available was a collateral attack.

**{17}** We conclude that Accurate was afforded the opportunity to challenge the HRC's subject matter jurisdiction through the appeals process. Moreover, in the interests of procedural fairness, after actually litigating the HRC's subject matter jurisdiction and then taking no further action, Accurate's subsequent claims in another proceeding that attempt to readdress the HRC's subject matter jurisdiction are outweighed by the principle of finality in this particular case.

**B.      The HRC's Investigation**

**{18}** We now turn to Accurate's argument that the HRC conducted a cursory investigation that was "last minute" in nature and set up a "rush to judgment." Accurate contends that the HRC's investigative actions "rubber-stamp[ed]" the filing of the claim of discrimination, and there was no effort made to independently "uncover the truth." We conclude that this issue is not properly before us. This case is an appeal from the district court's order to decree enforcement of the order of the HRC. Accurate's contentions necessarily involve the merits of the case and an attack on the HRC's final order. Accurate had the opportunity to properly bring this issue via an appeal under Section 28-1-13 and declined to do so.

**III.      CONCLUSION**

**{19}** We affirm the district court's enforcement of the order from the HRC and remand this case to district court for further proceedings.

**{20}      IT IS SO ORDERED.**

_____
**ROBERT E. ROBLES, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**CELIA FOY CASTILLO, Judge**

7

**Topic Index for** *N.M. Human Rights Comm'n v. Accurate Machine & Tool*, **Docket No. 29,003**

| | |
|---|---|
| **AL** | **ADMINISTRATIVE LAW AND PROCEDURE** |
| AL-IN | Investigations |
| AL-TM | Timeliness |
| | |
| **AE** | **APPEAL AND ERROR** |
| AE-PA | Preservation of Issues for Appeal |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-CC | Collateral Attack |
| CP-TL | Time Limitations |
| | |
| **CR** | **CIVIL RIGHTS** |
| CR-HA | Human Rights Act |
| CR-SX | Sex Discrimination |
| | |
| **JD** | **JURISDICTION** |
| JD-SM | Subject Matter |