This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JANET ALROY,**

Plaintiff-Appellant,

v.                                                                          **NO. 31,459**

**THE BOARD OF REGENTS OF THE**
**UNIVERSITY OF NEW MEXICO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Valdez and White Law Firm, LLC
Timothy L. White
Albuquerque, NM

for Appellant

German & Associates
Terrill E. Pierce
Elizabeth L. German
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

In this employment discrimination case, Plaintiff Janet Alroy filed a complaint against Defendant Board of Regents of the University of New Mexico (UNM) for failure to reasonably accommodate her disability under the New Mexico Human Rights Act, NMSA 1978, §§ 28-1-1 to -15 (1969, as amended through 2007) (NMHRA). The district court granted UNM's motion to dismiss because it found that the complaint did not allege an adverse employment action and because Alroy failed to exhaust her administrative remedies. We reverse. We hold that the district court erred in granting UNM's Rule 1-012(B)(1) NMRA motion to dismiss for lack of jurisdiction and Rule 1-012(B)(6) motion to dismiss for failure to state a claim.

**BACKGROUND**

Because the parties are familiar with the facts and proceedings and because this is a memorandum opinion, we provide only a brief discussion of the background of this case. We include background information as necessary in connection with each issue raised.

Alroy began working for UNM's Benefits office in January 2008. After she was hired, Alroy began to experience aggressive behavior from other UNM employees. She discussed the situation with her supervisor and told him that she might not be able to continue in her current position because of her post-traumatic stress disorder and generalized anxiety disorder. Alroy suggested that the disability

could be accommodated, but her supervisor said that "this type of treatment comes with the job" and that she "need[ed] to learn how to let it roll off [her] back."

On July 17, 2009, Alroy filed a charge of discrimination with the New Mexico Department of Labor, Human Rights Division (HRD), alleging that she had informed her supervisor that she would need an accommodation for her disability but that she was never given one. The charge of discrimination also noted that Alroy had been placed on administrative leave and that UNM was contemplating termination. Two months later, on September 18, 2009, Alroy was terminated for behavior "inconsistent with [her] obligation to [UNM]" and "misuse of computing services." On May 13, 2010, the State of New Mexico Department of Workforce Solutions, Human Rights Bureau (HRB), issued an order of nondetermination on the charge of discrimination, granting Alroy the right to sue in district court.

Alroy timely filed a complaint in district court seeking damages for discrimination on the basis of a physical handicap or serious medical condition in violation of the NMHRA. UNM responded to the complaint by filing a motion to dismiss pursuant to Rule 1-012(B)(1) and (6). Specifically, UNM argued that Alroy did not exhaust her administrative remedies as required by the NMHRA and that she failed to state a claim on the merits. After a hearing, the district court granted UNM's motion and subsequently entered a written order. The district court found that a notice of contemplated action is not an adverse employment action and that Alroy failed to

3

exhaust her administrative remedies for the claim of disability discrimination. Alroy filed a motion for reconsideration that was also denied by written order after a hearing. Alroy now appeals the dismissal of her claim for failure to accommodate her disability in violation of the NMHRA.

**DISCUSSION**

UNM based its motion to dismiss Alroy's complaint in the district court on Rule 1-012(B)(1) and (6). Although it appears that the district court granted the motion on both grounds, its ruling is not entirely clear. On one hand, the order indicates that the court granted the motion on the basis that Alroy failed to exhaust her administrative remedies because she did not timely file her charge of discrimination with the HRD. On the other hand, it appears that the district court found that Alroy failed to exhaust her administrative remedies because an adverse employment action had not occurred at the time she filed her charge of discrimination. Because we are unable to discern the precise basis for the district court's ruling, we first address whether Alroy failed to exhaust her administrative remedies under Rule 1-012(B)(1). We address this issue as a threshold matter because appeals from courts that lack subject matter jurisdiction will confer no jurisdiction on this Court. *Human Rights Comm'n v. Accurate Mach. & Tool Co.*, 2010-NMCA-107, ¶ 4, 149 N.M. 119, 245 P.3d 63. Once we have decided the jurisdictional question, we then consider whether

the district court erred in granting UNM's motion to dismiss for failure to state a claim.

**Subject Matter Jurisdiction Pursuant to Rule 1-012(B)(1)**

Whether the district court possessed jurisdiction over the subject matter of a case is a question of law that we review de novo. *Human Rights Comm'n*, 2010-NMCA-107, ¶ 4. As we have noted, the district court did not address Rule 1-012(B)(1) in its order of dismissal, but it did find that Alroy failed to exhaust her administrative remedies for her discrimination claim. Jurisdictional issues should always be resolved on appeal even if not preserved below. *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300. Under the exhaustion of administrative remedies doctrine, plaintiffs are ordinarily required to pursue administrative remedies that are available to them before filing an action in court. *Id.* ¶ 26. The NMHRA requires that a charge be filed with the HRD within three hundred days of the alleged discriminatory action. Section 28-1-10(A). After the HRD's receipt of the complaint, the person who has filed may request and shall receive an order of nondetermination that may be appealed to the district court. Section 28-1-10(D). The person aggrieved by an order of the commission may obtain a trial de novo in the district court. Section 28-1-13(A). The district court, however, must dismiss an NMHRA claim if the above prerequisites are not met. *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 17, 127 N.M. 282, 980 P.2d 65.

UNM argued below that Alroy did not exhaust her administrative remedies because her first charge, alleging discrimination, was filed prior to any possible adverse action, so it was premature. UNM further argued that because Alroy had not yet received an order of nondetermination on her second charge, alleging retaliation, she was not authorized to bring suit in the district court. The parties agree that the complaint does not contain a claim of retaliation and, therefore, Alroy's second charge is not at issue.

Here, Alroy discussed her symptoms of anxiety and depression due to the treatment she received at work with her direct supervisor, Joseph Evans, on October 7, 2008. She told him that she might not be able to continue in her current position and suggested that her disability could be accommodated by increasing her data entry duties and decreasing her face-to-face interaction with other UNM employees or by allowing her to call other Benefits employees to handle UNM employees behaving agressively. Evans told Alroy that this type of treatment came with the job and that Alroy "need[ed] to learn how to let it roll off [her] back." On July 17, 2009, less than three hundred days after her discussion with Evans, Alroy filed a charge of discrimination based on her disability with the HRD alleging that she had informed her supervisor that she would need an accommodation but that she was never given one. On May 13, 2010, the HRD issued its order of nondetermination granting Alroy the right to sue in district court within ninety days from the date of service of the

6

order. Alroy filed a complaint for damages on her discrimination claim in the Second Judicial District Court on July 19, 2010. Based on these uncontroverted dates, Alroy timely met all the deadlines required to pursue her complaint in this case and, therefore, properly exhausted her administrative remedies. We now turn to the question of whether Alroy properly alleged an adverse employment action in the charge of discrimination and, if she did not, whether that failure to do so constituted a failure to exhaust her administrative remedies.

**Failure to State a Claim Pursuant to Rule 1-012(B)(6)**

We review motions to dismiss a complaint for failure to state a claim under Rule 1-012(B)(6) de novo. *Healthsource, Inc. v. X-Ray Assocs. of N.M., P.C.*, 2005-NMCA-097, ¶ 16, 138 N.M. 70, 116 P.3d 861. Under the New Mexico Rules of Civil Procedure, we test "the legal sufficiency of the complaint, not the factual allegations of the pleadings which, for purposes of ruling on the motion, the court must accept as true." *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 2, 134 N.M. 43, 73 P.3d 181 (internal quotation marks and citation omitted). A complaint should only be dismissed under Rule 1-012(B)(6) if the non-moving party would not be entitled to recover under any theory of the facts alleged. *Delfino v. Griffo*, 2011-NMSC-015, ¶ 12, 150 N.M. 97, 257 P.3d 917. New Mexico is a notice pleading state, and a complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 1-008(A)(2) NMRA. "[I]t is sufficient that defendants be

7

given only a fair idea of the nature of the claim asserted against them . . . ; specific evidentiary detail is not required at this stage." *Mendoza v. Tamaya Enters., Inc.*, 2011-NMSC-030, ¶ 16, 150 N.M. 258, 258 P.3d 1050 (internal quotation marks and citation omitted).

UNM argued, and the district court agreed, that Alroy's complaint required dismissal because neither a failure to accommodate by itself nor a notice of contemplated action is an adverse employment action. UNM further contended that because the termination of Alroy's employment occurred after she had filed her charge of discrimination, Alroy failed to exhaust her administrative remedies. We understand UNM's argument to be that a plaintiff alleging discrimination on the basis of physical handicap and/or serious medical condition under the NMHRA must also allege that she has suffered an adverse employment action—other than or in addition to—a failure to accommodate and that the adverse action must occur prior to the filing of the charge of discrimination. For the reasons that follow, we disagree that a plaintiff must allege something more than a failure to accommodate in order to survive a claim of discrimination under the NMHRA.

At the outset, we note that neither UNM's nor Alroy's briefs were particularly helpful in resolution of the issue on appeal. Virtually all of the case law cited by both parties involve decisions on motions for summary judgment that have a markedly

different standard of review than that used to evaluate motions to dismiss.[1] Indeed, UNM goes so far as to cite to the federal burden-shifting methodology set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), which clearly has no application at the motion-to-dismiss stage. Further, both parties cite to unpublished decisions of other courts which, although they may be presented if a party believes the cases are persuasive, have no precedential value in this Court.[2] *Gormley v. Coca-Cola Enters.*, 2004-NMCA-021, ¶ 10, 135 N.M. 128, 85 P.3d 252, *aff'd*, 2005-NMSC-003,

---

[1]In any event, the cases cited by UNM do not support their position here and, in fact, weigh in favor of Alroy. *See, e.g.*, *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004) (stating that adverse employment decisions under the ADA include refusing to make reasonable accommodations for a plaintiff's disabilities); *Nawrot v. CPC Int'l.*, 259 F. Supp. 2d 716, 721-22 (N.D. Ill. 2003) (noting that, for reasonable accommodation claims, the prima facie case does not require an adverse employment action); *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1099 (D.C. Cir. 1997) (finding that because the plaintiff required no accommodation, there could be no adverse action); *Jensen v. Wells Fargo Bank*, 102 Cal.Rptr.2d 55, 63 (Ct. App. 2000) (stating that an "employer's failure to reasonably accommodate a disabled individual is a violation of the statute in and of itself").

[2]Curiously, we note that the unpublished cases provided by UNM again unequivocally support Alroy's position and not UNM's. *See Jones v. Wal-Mart Stores, East, L.P.*, No. 3:07-CV-461, 2008 WL 2115612, at *4 (E.D. Tenn. 2008) (finding that the plaintiff set forth sufficient allegations to state a claim under the ADA based on the defendants' alleged failure to provide a reasonable accommodation for the plaintiff's disability); *Boice v. Se. Pa. Transp. Auth.*, No. 05-4772, 2007 WL 2916188, at *15 (E.D. Pa. 2007) (stating that in failure to accommodate cases, an adverse employment decision includes the employer's failure to reasonably accommodate the employee's disability); *Dudley v. Dallas Indep. Sch. Dist.*, No. Civ. 3:99 CV2634BC, 2001 WL 123673, at *6 (N.D. Tex. 2001) (noting that the Fifth Circuit has recognized that a discrimination claim under the ADA may be based on the employer's failure provide the employee with a reasonable accommodation).

9

137 N.M. 192, 109 P.3d 280. As a result, few of the cases cited by the parties are pertinent here where the only question we must answer is whether Alroy's complaint gave UNM "a fair idea of the nature of the claim asserted." *Mendoza*, 2011-NMSC-030, ¶ 16 (internal quotation marks and citation omitted). We begin with the law and then turn to the facts in Alroy's complaint.

The NMHRA provides that it is an unlawful discriminatory practice for "any employer to refuse or fail to accommodate a person's physical or mental handicap or serious medical condition, unless such accommodation is unreasonable or an undue hardship." Section 28-1-7(J). Thus, a person alleging that she has been discriminated against on the basis of a physical or mental handicap must only demonstrate that she suffered from an impairment that the employer failed to reasonably accommodate. Our New Mexico jury instructions are consistent with this statutory requirement, stating that "[a]n employer violates the [NMHRA] if it refuses or fails to accommodate a person's mental or physical handicap or serious medical condition [unless the accommodation is unreasonable or an undue hardship to the employer]." UJI 13-2307 NMRA. Additionally, and perhaps more importantly, UJI 13-2307C NMRA specifically provides that an adverse action includes a refusal to accommodate. There is simply no requirement under the NMHRA or the adverse-action prong of UJI 13-2307C that requires a plaintiff to prove anything more at trial than that the employer refused to accommodate her disabilities. With this standard,

10

we now turn to Alroy's complaint to determine whether UNM met its burden under Rule 1-012(B)(6) and showed that Alroy's complaint fails to state any set of facts that would entitle her to relief.

In her six-page complaint, Alroy provided the following detailed and relevant facts. Alroy suffers from post-traumatic stress disorder, a physical handicap or serious medical condition as defined by the NMHRA. This disorder affects Alroy's ability to deal with anger directed at her by others. In January 2008 Alroy was hired at the UNM Benefits office as a Benefits Representative. In the course of Alroy's job duties, she began to experience regular and repeated instances of aggressive behavior from other UNM employees. When Alroy dealt with these behaviors, her disability caused her to become visibly upset, to tremble, and sometimes to cry or become angry at the way she was treated. Alroy spoke with her direct supervisor, Evans, about the situation. Evans told her that this type of treatment came with the job and that Alroy "need[ed] to learn how to let it roll off [her] back." From June 2008 to October 2008, Alroy had increased symptoms of anxiety and depression due to the treatment she received at work and, as a result, her boyfriend broke off their relationship. On October 7, 2008, Alroy discussed the situation with Evans and told him that she might not be able to continue in her current position because of the toll it was taking on her mental health. Alroy told Evans of her diagnoses of mood disorders, including post-traumatic stress disorder, dysthymic disorder, and generalized anxiety disorder. Alroy

11

suggested that her disability could be accommodated by increasing her data entry duties and decreasing her face-to-face interaction with other UNM employees, or by allowing her to call other Benefits employees to handle UNM employees behaving aggressively. Evans told Alroy that she should "hang in there a little longer, [as] good things would be coming to pass." Alroy was refused a reasonable accommodation. On July 17, 2009, Alroy filed a charge of discrimination against UNM with the HRD, alleging that she had requested accommodation, but it had not been provided. Two months later, in September 2009, Alroy was fired due to her panic attacks and difficulty handling other employee's aggressive behavior. If Alroy's disability had been accommodated, her job performance would have continued to be excellent. Alroy has suffered damages.

Taking the well-pleaded facts as true and construing them in the light most favorable to Alroy, we conclude that Alroy's complaint stated a claim for UNM's failure to reasonably accommodate her disabilities under the NMHRA upon which relief may be granted. The complaint sets forth detailed factual allegations of the events giving rise to Alroy's claim and gives UNM adequate notice of the legal claim asserted against it. Because we conclude that Alroy did not need to allege any adverse action in addition to a failure to accommodate, we necessarily also conclude that her charge of discrimination was adequately presented to the HRD. Consequently, for the reasons set forth above, Alroy properly exhausted her administrative remedies. The

12

district court's dismissal of Alroy's complaint with prejudice was in error, and its decision is reversed.

**CONCLUSION**

For the reasons set forth above, the district court's decision granting UNM's motion to dismiss for failure to exhaust administrative remedies and failure to state a claim is reversed.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL E. VIGIL, Judge**