This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v. **No. 34,357**

**WARREN B. MARKER,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant, Warren B. Marker, appeals from convictions resulting in multiple

punishments for larceny, contrary to NMSA 1978, Section 30-16-1(E) (2006), and

unlawful taking of a vehicle or motor vehicle, contrary to NMSA 1978, Section 30-16D-1 (2009). He now argues that the jury was instructed on an ambiguous theory of the latter offense that can be read to violate the prohibition against double jeopardy and that we should presume the jury found him guilty on that basis. We agree. We vacate Defendant's conviction for unlawful taking of a vehicle or motor vehicle, which imposes the lesser sentence.

**DISCUSSION**

{2}     The facts are known to the parties and are not in dispute. The evidence at trial showed that Defendant hauled a windowless shop trailer away from its owner's condominium. He was later found on the roadside, attempting to remove a motorcycle that had been locked inside the trailer. He was charged by criminal information with several offenses, only two of which are relevant to this appeal. Count 1 charged Defendant with larceny (over $2,500) for the theft of "a black 1996 shop trailer." Count 2 charged Defendant with "tak[ing] a vehicle or motor vehicle[,]" without further specification.

{3}     The jury instructions for Counts 1 and 2 largely mirrored the language in the criminal information. The larceny instruction once again expressed that the basis for the offense was the theft of "a shop trailer" with a market value of over $2,500. The instruction for unlawful taking of a vehicle or motor vehicle again stated, in pertinent

part, only that "[D]efendant took a vehicle or motor vehicle without the owner's consent[.]"

{4}     It is clear that this instruction, which was apparently drafted by the State, should have been more specific. The instruction ostensibly followed its corresponding uniform jury instruction, which provides:

> For you to find the defendant guilty of unlawfully taking a [vehicle] [motor vehicle] [as charged in Count _____ ], the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1.     The defendant took a _____ (*describe vehicle*) without the owner's consent;
>
> 2.     This happened in New Mexico on or about the ___, day of _____.

UJI 14-1660 NMRA. But the emphasized language associated with the first element of the uniform instruction calls for a description of the vehicle taken. Use Note 1 of UJI 14-1660, further requires the court to modify the introductory language by selecting the applicable bracketed phrase—"vehicle" or "motor vehicle"—before giving the instruction. A court can include both alternatives (connected by the word "or") when each is supported by the evidence, *see* UJI-Criminal, General Use Note, but doing so obviously invites the jury to consider and base a conviction on either alternative. In this case, the district court extended that invitation to the jury.

**{5}** Because it was established at trial that Defendant hauled the trailer away and then later removed the motorcycle from the trailer, the evidence supported a conviction under Section 30-16D-1 for both unlawfully taking the trailer, a "vehicle" (in the language of the jury instruction), and for unlawfully taking the motorcycle, a "motor vehicle." Since Defendant's larceny conviction was unquestionably based on the theft of the trailer, the flawed instruction raises the possibility that he was twice convicted for stealing a trailer under two different statutes.

**{6}** Our Supreme Court in *State v. Gutierrez*, 2011-NMSC-024, ¶¶ 52, 58-59, 150 N.M. 232, 258 P.3d 1024, held that the only essential element of Section 30-16D-1 was subsumed within the "anything of value" element of the robbery statute because the jury in that case was charged to find that the taking of a 1996 Oldsmobile satisfied both offenses. Robbery is an aggravated form of larceny; the only element that distinguishes the two offenses is the use or threatened use of force. *See State v. Bernal*, 2006-NMSC-050, ¶ 28, 140 N.M. 644, 146 P.3d 289. Both offenses share the critical "anything of value" language, *compare* § 30-16-1(A), *with* NMSA 1978, § 30-16-2 (1973), and accordingly, the analysis in *Gutierrez* is controlling here.

**{7}** If Defendant was twice convicted of stealing a trailer under Sections 30-16-1 and 30-16D-1, those convictions would involve conduct that is necessarily unitary. *Gutierrez*, 2011-NMSC-024, ¶ 54 ("[W]hen the same conduct supports two different

4

statutory offenses, there is no way for the conduct not to be unitary[.]" (emphasis, internal quotation marks, and citation omitted)). And they would offend *Gutierrez*'s central holding that, as a matter of legislative intent, the unlawful taking of a vehicle or motor vehicle is subsumed within a separate theft offense that also criminalizes the taking of that same vehicle. *Id.* ¶¶ 58-59. This would satisfy both prongs of our relevant double jeopardy analysis. *See Swafford v. State*, 1991-NMSC-043, ¶¶ 26, 30, 112 N.M. 3, 810 P.2d 1223 (setting forth the test for double-description claims).

{8}     Amazingly, the State's only argument responding to this issue—which is the only issue on appeal—is contained in a single footnote in its brief. According to the State, the jury's intent is clear. The language on the verdict form indicates that Defendant's conviction under Section 30-16D-1 was for stealing the motorcycle, thus curing the error.

{9}     The State cites no authority to support the notion that a verdict form can cure an erroneous jury instruction, and we assume that, "after a diligent search," it was unable to find any. *State Human Rights Comm'n v. Accurate Mach. & Tool Co.*, 2010-NMCA-107, ¶ 12, 149 N.M. 119, 245 P.3d 63. The verdict form states: "We find [D]efendant GUILTY of unlawful taking of a motor vehicle, as charged in Count 2." This pre-printed form was the only "guilty" form the jury received. The State's argument would have some force if the jury had chosen between two guilty forms, one

5

styled "unlawful taking of a vehicle," and the other "unlawful taking of a motor vehicle." The State's argument would have been even more persuasive if there had been a special interrogatory specifying which vehicle supported the conviction. *See State v. Rodriguez*, 1992-NMCA-035, ¶ 14, 113 N.M. 767, 833 P.2d 244 ("Had the state . . . requested special verdict forms so that we would know whether [the] defendant was convicted on both theories, then, . . . multiple punishments would have been proper."). But in this case, the foreperson simply signed the only guilty form that was in the jury room, presumably after the jury had already deliberated over the ambiguous instruction. Notwithstanding the language on the verdict form, we will assume that the jury followed its instructions as written. *See State v. Perry*, 2009-NMCA-052, ¶ 45, 146 N.M. 208, 207 P.3d 1185.

{10} When a jury returns a guilty verdict based on an instruction with two factually-supported theories, and one of those theories offends principles of double jeopardy, it is well-settled that we presume the jury decided on the improper basis. *See State v. Gonzales*, 2007-NMSC-059, ¶ 12, 143 N.M. 25, 172 P.3d 162; *State v. Foster*, 1999-NMSC-007, ¶ 2, 126 N.M. 646, 974 P.2d 140, *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683; *State v. Montoya*, 2011-NMCA-074, ¶ 30, 150 N.M. 415, 259 P.3d 820; *Rodriguez*, 1992-NMCA-035, ¶ 14. This presumption is derived from the sound rationale that jurors are equipped to

6

spot a factually inadequate theory, but their intelligence and expertise cannot ferret out an error in the law. *See generally Griffin v. United States*, 502 U.S. 46, 58-59 (1991). It is therefore entirely possible that the jury, which had no reason to know any better, twice convicted Defendant for stealing a trailer under two separate statutes, contrary to *Gutierrez*, 2011-NMSC-024, ¶¶ 58-59.

{11}     "[W]here one of two otherwise valid convictions must be vacated to avoid violation of double jeopardy protections, [our appellate courts] must vacate the conviction carrying the shorter sentence." *State v. Montoya*, 2013-NMSC-020, ¶ 55, 306 P.3d 426. That is the unlawful taking of a vehicle or a motor vehicle (charged as a first offense in this case), which is a fourth degree felony. *See* § 30-16D-1(A)(1).

**CONCLUSION**

{12}     Defendant's conviction pursuant to Section 30-16D-1 is vacated.

{13}     **IT IS SO ORDERED.**

_____
                                        **M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____

7

**J. MILES HANISEE, Judge**